M. J. Haden
Staff Attorney
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SHANNON K. BROWN,<br><br>　　　　　Defendant. | Case No. 3:03-cr-0159-JKS<br><br>**MOTION FOR CLARIFICATION OF STAY OF SPECIAL CONDITION OF HOME CONFINEMENT PENDING APPEAL** |

Defendant, Shannon K. Brown, by and through counsel M. J. Haden, Staff Attorney, moves this court for clarification of the court's prior ruling concerning the stay of the special condition of home confinement pending appeal at Docket No. 40.  Ms. Brown seeks clarification as to whether the stay continues throughout the pendency of her current appeal.

I.     **Procedural History**

On June 3, 2004, this court imposed sentence in this case.  As a special condition of probation, this court ordered that Ms. Brown participate in a home confinement program for a period of six months within the first year of her probation.  On June 4, 2004,

Ms. Brown filed a timely notice of appeal. The primary purpose of the notice of appeal was to challenge the court's order of the employer notification requirement; however, in the meantime, the Supreme Court issued Blakely v. Washington, 124 S.Ct. 2351 (2004), which would have had a direct impact on Ms. Brown's sentence. Thus, Ms. Brown's appeal included a challenge to the sentence imposed under the Blakely, Ameline, and Booker cases.

Based on the developments of Blakely and Ameline, Ms. Brown requested a stay of the special condition of home confinement on July 7, 2004 (Docket No. 42). The government filed a conditional non-opposition to Ms. Brown's request (Docket No. 47). The court granted Ms. Brown's motion and stayed the condition of home confinement pending the resolution of the appeal (Docket No. 48).

On October 21, 2005, the Ninth Circuit upheld this court's imposition of the employer notification requirement, but remanded the sentence for further proceedings consistent with Ameline. At Docket No. 54, this court invited simultaneous post-sentencing memoranda from the parties addressing three questions:

> (1)    Is there anything about the facts of Ms. Brown's case that make Booker/Fanfan and the earlier Blakely decision inapplicable to this case?
>
> (2)    Assuming the answer to question (1) is no, then to what extent and under what circumstances does Booker/Fanfan authorize a district court to impose a sentence that varies from the otherwise applicable Guideline sentence?
>
> (3)    If the facts and circumstances of Ms. Brown's case would allow this court discretion to deviate from the Guideline sentence, should the court exercise that discretion to vacate the judgment, hold a further sentencing hearing, and modify the sentence?

Both parties submitted filings stating their positions (Docket Nos.56 and 57). On March 13, 2006, this court issued an order upholding the original sentencing stating that the court would not have imposed a materially different sentence had it known that the Guidelines were advisory (Docket No. 59). Ms. Brown filed a timely appeal for review under the Booker reasonableness standard (Docket No. 60).

## II.   Need for Clarification

Ms. Brown now seeks clarification as to whether the court's original order to stay the special condition of home confinement during the pendency of the appeal remains in effect during the pending appeal. Should this court hold that the original stay no longer applies, Ms. Brown intends to move for an additional stay of the home confinement requirement.

DATED this 5th day of April 2006.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Staff Attorney
Georgia Bar No. 316531
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:
I certify that on April 5, 2006, a copy of the foregoing document, with attachments, was served electronically on:

Retta-Rae Randall, Esq.

/s/ M. J. Haden