IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>   vs.<br><br>SHANNON K. BROWN,<br><br>         Defendant. | Case No. 3:03-CR-00159-JKS<br><br>O R D E R |

Defendant moves for clarification regarding the special condition of home confinement that is part of her sentence. Docket No. 63. The Court grants the motion, and offers the following clarification.

Defendant originally requested a stay of the special condition of home confinement pending appeal on July 7, 2004 (Docket No. 42), to which the Government filed a conditional non-opposition (Docket No. 47), and which this Court granted (Docket No. 48). Following remand, this Court upheld its original sentence, including the special condition. Defendant has filed a timely appeal for review under the *Booker* reasonableness standard, and again seeks a stay of the home confinement condition.

The standard for evaluating stays pending appeal is similar to that used by district courts in deciding whether to grant a preliminary injunction. *See Nevada Airlines, Inc. v. Bond*, 622 F.2d 1017, 1018 n. 3 (9th Cir.1980). Two legal tests for the issuance of a preliminary injunction exist in this circuit. These tests are interrelated and represent "the outer reaches 'of a single continuum.' " *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1201 (9th Cir.1980). At one end of the continuum, the moving party is required to show both a

1

probability of success on the merits and the possibility of irreparable injury. *Id*. *See also, Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir.1979). At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor. *Los Angeles Memorial Coliseum Commission*, 634 F.2d at 1201; *Miss Universe*, 605 F.2d at 1134. "[T]he relative hardship to the parties" is the "critical element" in deciding at which point along the continuum a stay is justified. *Benda v. Grand Lodge of International Association of Machinists*, 584 F.2d 308, 314-15 (9th Cir.1978), *cert. dismissed*, 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979). In addition, public interest is a factor to be considered. *See e.g., Mohammed v. Reno*, 309 F.3d 95, 100 (9th Cir. 2002) (identifying the four criteria: likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest).

In the context of this case, Defendant pled guilty to embezzling almost $60,000 from her employer, and was sentenced to only a probationary term that included a period of house arrest, or home confinement. The Court imposed the sentence, upheld it on review, and believes that the Defendant can demonstrate neither probability of success on the merits of her second appeal and possible irreparable injury, nor undue hardship. Therefore, a further stay pending appeal of the special condition of home confinement will be DENIED.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 10th day of April 2006.

/s/ James K. Singleton
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CR\D.AK 2003\A03-0159.006.wpd